UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEAN ERVIN PHILLIPS,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. 21-5454 RJB<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on Defendant City of Centralia, Stacey Denham, Patricia Finch, and Timothy O'Dell's Motion to Dismiss (Dkt. 15) and Defendant State of Washington, Judge James Lawler, Prosecuting Attorney Jonathan Meyer and Angela Avery's Motion to Dismiss (Dkt. 18). The Court has considered the pleadings filed regarding the motions and the remainder of the file herein.

I.     **FACTS AND PROCEDURAL HISTORY**

On June 23, 2021, Plaintiff filed a complaint against the State of Washington, a superior court judge and two Lewis County, Washington prosecuting attorneys, the City of Centralia, and three police officers in connection with his arrest and imprisonment. Dkt. 1. In addition to

ORDER GRANTING MOTIONS TO DISMISS- 1

asserting that his arrest and the filing of criminal charges against him were illegal, he alleges that while in custody, he did not receive proper care for his diabetes. *Id.* He asserts multiple constitutional claims and two federal criminal statutes – 18 U.S.C. § 241 and 18 U.S.C. § 1951. *Id.* The complaint seeks injunctive relief only to be "left alone," not be "placed in a cage," and for an order prohibiting the criminal case against him. *Id.*

The Plaintiff's motion for injunction to "stop all efforts to arrest, detain, and/or harass" the Plaintiff was denied (Dkt. 12) as was his motion for reconsideration of the order denying that motion (Dkt. 14).

The Defendants filed their motions to dismiss on July 12, 2021 (Dkt. 15) and on July 14, 2021 (Dkt. 18). The Plaintiff was given notices regarding the motions to dismiss and what he needed to do if he intended to respond. Dkts. 16 and 19. The motions to dismiss were noted for consideration on August 6, 2021. Dkts. 15 and 18. The Plaintiff did not timely respond to the motions, but on August 8, 2021, filed a response. Dkt. 24. In the interest of due process, the Court will consider the Plaintiff's response. The Defendants filed replies (Dkts. 22 and 23) and the motions are ripe for decision.

## II. DISCUSSION

**A. MOTION TO DISMISS FOR LACK OF JURISDICTION**

### 1. STANDARD

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any

jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant).

The Plaintiff asserts that this Court has jurisdiction based on the diverse citizenship of the parties, under 28 U.S.C. § 1332, and based on the federal questions presented, under 28 U.S.C. § 1331. He has asserted claims under both federal statutes and under the U.S. Constitution. Accordingly, the Court has federal question jurisdiction and the Court need not address the Defendants' claims that the Plaintiff has not shown the Court has diversity jurisdiction.

### B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

#### 1. STANDARD

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

#### 2. CLAIMS FOR RELIEF

The Plaintiff makes claims pursuant to two criminal federal statutes: 18 U.S.C. § 241 and 18 U.S.C. § 1951, and for violations of the U.S. Constitution: Article 1, Sec. 8, Clause 17 for "lack of territorial jurisdiction," Art. 3. Sec. 2, Clause 2 for "lack of original jurisdiction," First Amendment "in regards to expression of religion and speech," Fourth Amendment for "unreasonable seizure of property and insufficient/no warrant," Fifth Amendment "in regards to lack of indictment by Grand Jury and lack of due process," Sixth Amendment "in regards to lack of being informed as to the nature and cause and due to an inability to face one's accuser," Eighth Amendment for "excessive bail and cruel and unusual punishment" and Eleventh Amendment "in regards to lack of jurisdiction of subjects of a foreign state." Dkt. 1. He seeks only injunctive relief: "to be left alone, . . . to have this nightmare ended, . . . to avoid being put in a cage against [his] will." *Id.,* at 5. The Plaintiff states that he "require[s] this court to place an injunction on the Superior Court in Lewis County prohibiting that court from moving forward on the case number 21-1-00277-21." *Id.*

The Defendants argue that this Court should abstain from retaining jurisdiction over this case based on *Younger v. Harris,* 401 U.S. 37 (1971) because of the ongoing criminal case against the Plaintiff. Dkts. 15 and 18.

Absent exceptional circumstances, federal courts should not enjoin pending state criminal proceedings. *Younger v. Harris,* 401 U.S. 37 (1971). A federal court should abstain from exercising jurisdiction over a case under *Younger* when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018)(*internal quotation marks and citations*

*omitted*).  Where all the *Younger* abstention elements are met, a district court must abstain from hearing the case and dismiss the action. *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).

The Defendants' motion to dismiss should be granted and the case should be dismissed. All the *Younger* abstention elements are met.  There is an ongoing criminal proceeding against the Plaintiff and the criminal proceeding implicates important state interests- that of the state enforcing its' criminal statutes.  There is no showing that the Plaintiff cannot raise these constitutional issues during the state court proceedings.  Further, the Plaintiff's only requested relief is to enjoin the ongoing state criminal proceedings.  The Plaintiff's response fails to offer any grounds for the Court to retain jurisdiction.  This case should be dismissed.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 9th day of August, 2021.

*[signature]*

ROBERT J. BRYAN
United States District Judge